IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　Plaintiff,<br><br><br>vs.<br><br><br>ROGER NELSON, et al.<br><br>　　Defendants, | **ORDER and<br>MEMORANDUM DECISION**<br><br><br><br><br>Case No. 2:08-cv-220 CW |

Now before the court is a motion to withdraw by Plaintiff's counsel and to stay Plaintiff's response to a pending motion to dismiss (Dkt. No. 43). The trial is presently set for September 6, 2010. Under DUCivR 83-1.4(a)(2):

> No attorney of record will be permitted to withdraw after an action has been set for trial unless (i) the Motion to Withdraw as Counsel includes a certification signed by a substituting attorney indicating that such attorney has been advised of the trial date and will be prepared to proceed with trial; (ii) the application includes a certification signed by the moving attorney's client indicating that the party is prepared for trial as scheduled and is eligible pursuant to DUCivR 83-1.3 to appear pro se at trial; or (iii) good cause for withdrawal is shown, including without limitation, with respect to any scheduling order then in effect.

Plaintiff's counsel has not met this rule for three reasons. First, there is no indication that a substitute attorney will take of this case for Plaintiff and be prepared for trial. Second,

Plaintiff's counsel has not certified that her client is prepared to appear at trial pro se or that she is eligible to proceed pro se.  Finally, Plaintiff's counsel has not otherwise shown good cause why she should be allowed to withdraw.  While Plaintiff's counsel implies that there may be good cause, counsel has asserted that confidentiality and privilege bar her from further explaining the cause.  While the court is sensitive to confidentiality and privilege, the court cannot simply accept counsel's blanket statement that there is cause.  If counsel intends to assert good cause to withdraw, she must find an appropriate way to convey it to the court in sufficient detail for the court to find that she cannot ethically proceed as counsel for Plaintiff.

Accordingly, Plaintiff's counsel's motion to withdraw is DENIED without prejudice.  Plaintiff's counsel should be mindful that the court is unlikely to allow her to withdraw unless good cause exists or substitute counsel can be located who is ready to proceed to trial as scheduled.  This case is over three years old and further delay will likely prejudice all parties.

Turning to the second part of the motion, the pending motion to dismiss will not be stayed.  First, Plaintiff's counsel represents Plaintiff until further notice.  Second, the motion to dismiss is relatively straight forward and resolving it may signficantly simplify this action as it moves toward the upcoming trial.

SO ORDERED this 16th day of May, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge